THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH LOWRY, individually and as
representative for the class of similarly
situated employees,

                 Plaintiff,

    v.

RALPH'S CONCRETE PUMPING, INC.,
a Washington Corporation,

              Defendant.

CASE No. 2:13-cv-00100-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiff Joseph Lowry's motion to remand to state court and for an award of attorney's fees. Dkt. # 6.  Defendant Ralph's Concrete Pumping, Inc. ("Ralph's") opposes the motion. Dkt. # 7.  Having considered the parties' briefing and the record herein, the court GRANTS the motion to remand and DENIES Plaintiff's request for attorney's fees for the reasons stated below.[1]

---

[1] This matter may be decided on the papers submitted.  Accordingly, Plaintiff's request for oral argument is DENIED.

ORDER - 1

## II. BACKGROUND

Mr. Lowry, along with similarly situated members of a putative class, are former employees of Ralph's. Dkt. # 1 (Ex. A to Not. of Removal; First Am. Compl.) ¶¶ 7 & 17. During the class period, these employees worked as pump operators preparing, driving, and operating Ralph's concrete trucks, pumps, and equipment to, at, and from the job sites. *Id*. Ralph's is a unionized employer, and, during the class period, its pump operators, including Mr. Lowry, were represented under construction industry collective bargaining agreements ("CBAs"), a point that neither party disputes.[2] Dkt. # 6 at 4; Dkt. # 8 (Henson Decl.) ¶ 3.

Mr. Lowry filed a class action complaint against Ralph's in King County Superior Court on December 12, 2012, and filed an amended class action complaint against Ralph's in the same court on December 31, 2012. Dkt. # 1 ((Not. of Removal) ¶ 1; Ex. A to Not. of Removal; First Am. Compl.).  In an amended complaint, Mr. Lowry alleged, among other things, that Ralph's failed to pay for meal breaks, rest periods, standby, and on-duty time in violation of WAC 296-126-092, RCW 39.12.020, RCW 49.46.020, and RCW 49.46.130. Dkt. # 1 (Ex. A to Not. of Removal; First Am. Compl.).  Through his suit, Mr. Lowry seeks damages and declaratory judgment under Washington law, including Uniform Declaratory Judgments Act, RCW ch. 7.24, and Consumer Protection Act, RCW ch. 19.86. *Id*.

On January 17, 2013, Ralph's filed a notice of removal asserting federal question jurisdiction. Dkt. # 1 (Not. of Removal).  In its notice, Ralph's stated that "[t]his court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331" because, "[i]n accordance with WAC 296-126-092, Plaintiff's claims have been superseded by a Collective Bargaining Agreement ("CBA").'[3] *Id*. ¶ 3.  To sustain

---

[2] Mr. Lowry made no mention of these CBAs in his amended complaint. Dkt. # 1 (Ex. A to Not. of Removal; First Am. Compl.).

[3] Ralph's also asserted that the court has supplemental jurisdiction over Mr. Lowry's remaining "pendent state law claims" under 28 U.S.C. §§ 1376(a) and 1441(c). *Id*.

1    removal jurisdiction, in its opposition to Mr. Lowry's motion to remand, Ralph's asserts,

2    among other things, that the "standby time" claims, "like the meal and rest break claim,"

3    are "clearly preempted by § 301 because they can only be resolved through the

4    interpretation and application of various provisions of the relevant CBAs. Dkt. # 7 at 13.

5                                      **III. ANALYSIS**

6           A civil case commenced in state court may, as a general matter, be removed by the

7    defendant to federal district court, if the case could have been brought there originally.

8    *Martin v. Franklin Capital Corp*., 546 U.S. 132, 134, 126 S.Ct. 704 (2005) (citing 28

9    U.S.C. § 1441).  If it appears that the federal court lacks jurisdiction, the case must be

10   remanded. *Id*.  The burden of establishing federal jurisdiction is on the party seeking

11   removal, and the removal statute is strictly construed against removal jurisdiction. *Prize*

12   *Frize, Inc. v. Matrix, Inc*., 167 F.3d 1261, 1265 (9th Cir. 1999).  Any doubts about

13   removability are resolved in favor of remanding the case to state court. *Gaus v. Miles,*

14   *Inc*., 980 F.2d 564, 566 (9th Cir. 1992).

15   **A.      Remand – Subject Matter Jurisdiction[4]**

16          The court has subject matter jurisdiction where the action "aris[es] under the

17   Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  To determine

18   whether an action arises under federal law, a court applies the "well-pleaded complaint"

19   rule. *Rivet v. Regions Bank of La*., 522 U.S. 470, 475, 118 S.Ct. 921 (1998).  Under this

20   rule, a claim arises under federal law "only when a federal question is presented on the

21   face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S.

22   386, 392, 107 S.Ct. 2425 (1987). "The rule makes the plaintiff the master of the claim; he

23

24   [4] Contrary to Mr. Lowry's assertions (Dkt. # 6 at 3-4), Ralph's notice of removal is in
     accordance with the federal notice pleading requirements and, thus, not defective. *See* 28 U.S.C.
25   § 1446(a); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007)
     (discussing notice pleading under Rule 8(a)); *see also Ellenburg v. Spartan Motors Chassis, Inc*.,
26   519 F.3d 192, 199-200 (4th Cir. 2008).

27

or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*.; *see also*

*Rains v. Criterion Sys., Inc*., 80 F.3d 339, 344 (9th Cir. 1996) (holding that a plaintiff

may allege a violation of Title VII as part of a state law cause of action without

converting his claim into a Title VII action or an action that depends on a substantial

federal question that would give the district court jurisdiction over the action). "[A] case

may not be removed to federal court on the basis of a federal defense, including the

defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and

even if both parties admit that the defense is the only question truly at issue in the case."

*Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for S.*

*California*, 463 U.S. 1, 14, 103 S.Ct. 2841 (1983).

   Mr. Lowry contends that removal to federal court was improper because "[t]he

[amended] Complaint is limited to state law questions, and does not allege any violations

of a Collective Bargaining Agreement or any federal statutes or regulations." Dkt. # 6 at

2. Ralph's contends otherwise arguing that that Mr. Lowry cannot avoid federal

jurisdiction by "artfully pleading" federal claims as state law claims in his amended

complaint.[5] Dkt. # 7 at 3-14. The court agrees with Mr. Lowry. As the master of his

complaint, Mr. Lowry may defeat removal by choosing not to plead independent federal

claims. *Caterpillar*, 482 U.S. at 399. However, Mr. Lowry "may not defeat removal by

omitting to plead necessary federal questions." *Franchise Tax Bd*., 463 U.S. at 22. If a

federal cause of action completely preempts a state law claim, any complaint that

contains allegations within the scope of the federal cause of action necessarily "arises

---

[5] Ralph's arguments that Mr. Lowry's inconsistent position in his original and amended
complaint "necessarily raises the doctrine of judicial estoppel" (Dkt. # 7 at 3) are unavailing.
First, "the amended complaint supersedes the original, the latter being treated thereafter as non-
existent." *Forsyth v. Humana, Inc*., 114 F.3d 1467, 1474 (9th Cir. 1997). Thus, the court will
refer to Mr. Lowry's first amended complaint as the complaint unless otherwise noted. Next, the
doctrine of judicial estoppel does not apply here because Mr. Lowry's positions are not clearly
inconsistent, Mr. Lowry did not succeed on his prior position, and, as such, did not derive an
unfair advantage over Ralph's. *See New Hampshire v. Maine*, 532 U.S. 742, 750-51, 121 S.Ct.
1808 (2001).

1   under" federal law. *Id.* at 24.  In this case, the court must look beyond how Mr. Lowry's
2   claims are pled.  Namely, to determine whether Mr. Lowry's claims are completely
3   preempted by § 301 of the Labor Management Relations Act ("LMRA"), 28 U.S.C. §
4   185(a), as Ralph's contends, the court must determine (1) whether the cause of action at
5   issue involves a right conferred upon Mr. Lowry by virtue of state law or whether the
6   right exists solely as a result of a CBA; and, if the right exists independently of the CBA,
7   (2) whether this right is nevertheless "substantially dependent" on analysis of the CBA.
8   *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).  "If such
9   dependence exists, then the claim is preempted by section 301; if not, then the claim can
10  proceed under state law." *Id.* at 1059-60.

11      Here, on its face, Mr. Lowry's complaint does not appear to present federal
12  question because all claims include specific references to Washington statutes and tend to
13  invoke rights and benefits under Washington law.  The regulation at issue[6] requires rest
14  and meal breaks and prescribes requirements with respect to these breaks. *See* WAC 296-
15  126-092 (stating that "[e]mployees *shall* be allowed" meal and rest periods) (emphasis
16  added).  Thus, the right to rest and meal breaks exists as a matter of state law.  As a
17  result, the legal character of Mr. Lowry's claim is without any expectations or duties
18  created by the CBAs and, as such, independent of Mr. Lowry's right under these
19  agreements.  Accordingly, the court finds that Mr. Lowry's claim is not preempted on
20  this initial basis.

21      Ralph's argues, however, that its "CBAs <u>supersede</u> and are independent of
22  Washington's meal and rest break law," WAC 296-126-092, due to the "narrow
23  construction industry exception provided under RCW 49.12.187." Dkt. # 7 at 6 (emphasis
24  in original).  Quoting various rest and meal sections of its CBAs, Ralph's appears to
25  assert that because the meal and break rules can be bargained away in accordance with

---

26
27  [6] WAC 296-126-092 is the only cause of action identified by Ralph's in its notice of removal as
    conferring original federal jurisdiction.

1  RCW 49.12.187, the right arises from the CBAs. *Id*. at 6-11.  The court disagrees.  RCW

2  49.12.187 provides, in relevant part, that

> [R]ules adopted under this chapter *regarding appropriate rest and meal periods as applied to employees in the construction trades* may be superseded by a collective bargaining agreement negotiated under the national labor relations act, 29 U.S.C. Sec. 151 *et seq.*, *if the terms of the collective bargaining agreement covering such employees specifically require rest and meal periods and prescribe requirements concerning those rest and meal periods*.[7]

*Id*. (emphasis added).  Here, the choice of language and a condition subsequent – the

requirement of rest and meal periods in a CBA – militates against finding that the right at

issue was created by Ralph's labor contracts.  If Ralph's CBAs were silent with respect to

rest and meals periods or did not prescribe the rest and meal requirements, the right to

rest and meal breaks would still exist, as codified in WAC 296-126-092.  Thus, the right

at issue came into existence entirely independently and "is vested in [Washington's]

employees directly, not through the medium of [Ralph's CBAs]."[8]  *Burnside*, 491 F.3d at

1064.  Read as Ralph's suggests, RCW 49.12.187 would impermissibly disadvantage a

construction employee simply for being covered by a CBA because a failure to negotiate

for rest and meal breaks would result in their forfeiture.

　　　　The court also concludes that Mr. Lowry's claim is not "substantially dependent"

on an interpretation of the terms of Ralph's CBAs.  A state law right is not "substantially

dependent" on the terms of a CBA if the claim can be resolved by "look[ing] to" rather

than "interpreting" the CBA.  *Burnside*, 491 F.3d at 1060.  "If the latter, the claim is

---

[7] There is no dispute that Mr. Lowry and putative class members qualify as "employees in the construction trades."

[8] Contrary to both parties' arguments, whether the right is negotiable or non-negotiable is not dispositive. *See  Lingle v. Norge Div. of Magic Chef, Inc*., 486 U.S. 399, 407 n.7, 108 S.Ct. 1877 (1988) (noting that neither condition ensures non-preemption by § 301); *Burnside*, 491 F.3d at 1066 ("'[N]onnegotiability' is *not* talismanic, in either direction, with regard to section 301 preemption.") (emphasis in original).  Thus, the court declines to read the cited cases as adopting the proposition that if a state law-conferred right is negotiable, then it is not independent.

1   preempted; if the former, it is not." *Id.*  Here, Ralph's CBA will not need to be interpreted

2   to determine whether Ralph's owed Mr. Lowry compensation for rest and meal periods.

3   Mr. Lowry does not allege that Ralph's owed him more time or money for meal and rest

4   periods, he merely claims that Ralph's denied him paid rest and meal breaks in violation

5   of his state law-conferred right.  This basic legal issue can be decided without

6   interpreting the CBAs.[9]  Although reference to the CBAs may be required, such as if Mr.

7   Lowry is successful and damages need to be calculated, there is no indication that

8   determining Mr. Lowry's particular wage rate will require interpretation of Ralph's

9   CBAs.[10] *Id.* at 1073-74.

10  **B.    Attorney's Fees**

11        Mr. Lowry seeks an award of attorney's fees arguing that removal was not "fairly

12  supportable" by case law and "wrong as a matter of law." Dkt. # 6 at 9.  Pursuant to 28

13  U.S.C. § 1447(c), the court may award attorney's fees, unless "the removing party has an

14  objectively reasonable basis for removal." *Martin*, 546 U.S. at 136.  Here, the court finds

15  that, although unpersuasive, Ralph's basis for removal was objectively reasonable.

16  Accordingly, the court declines to exercise its discretion to award attorney's fees.

17

18

19

20

21

----

22  [9] Whether the right at issue is "paid" or "unpaid" is not a defining aspect of an independent state
    law right to meal and rest breaks.  Regardless, Ralph's has not directed the court to any term in

23  the CBAs that requires interpretation, and the court finds none.

24  [10] To bolster its position, Ralph's argues that Mr. Lowry's "standby time" claims will require
    analysis of "various provisions in numerous CBAs." Dkt. # 7 at 11.  The court finds that

25  interpretation of the term "standby time" will not affect the application of the state-created rest
    and meal breaks regulation, WAC 296-126-092, the only asserted basis for this court's original

26  jurisdiction, to the circumstances of this case.  This Circuit "has repeatedly frowned upon
    defendants who have invoked tangentially related CBA provisions in a strained and transparent

27  effort to extinguish state-law claims via preemption." *Burnside*, 491 F.3d at 1072.

ORDER - 7

1

**IV. CONCLUSION**

2        For all the foregoing reasons, the court GRANTS Plaintiff's motion to remand[11]

3  and DENIES Plaintiff's request for attorney's fees.  The Clerk of Court is DIRECTED to

4  remand this case to King County Superior Court for further proceedings.

5        Dated this 14th day of May, 2013.

6

7

8                                      The Honorable Richard A. Jones
                                       United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

[11] Thus, the court declines to exercise supplemental jurisdiction over Mr. Lowry's remaining
claims.

27

ORDER - 8